UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6370 SVW,<br>CR 92-749 SVW | Date | December 3, 2008 |
|---|---|---|---|
| Title | Falconer v. United States of America,<br>United States v. Falconer | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PETITIONER/DEFENDANT'S (1) MOTION FOR REDUCTION OF SENTENCE, (2) MOTION FOR APPOINTMENT OF COUNSEL, (3) MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255, AND (4) MOTION FOR LEAVE TO SUPPLEMENT HABEAS PETITION [JS-6]

    Before the Court are four motions filed by Petitioner/Defendant Dwayne A. Falconer in two different cases; one civil and one criminal.  In both cases, Petitioner/Defendant challenges the validity of his sentence.  The Court will deal with each motion in turn.

    1.  Motion for Reduction in Sentence

    Defendant is not entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), because Defendant was sentenced as a "career offender" pursuant to U.S.S.G. § 4B1.1.  Accordingly, Defendant was not sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission."  See § 3582(c)(2); United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008); United States v. Thomas, __ F.3d __, 2008 WL 4659359, at *1 (11th Cir. 2008); United States v. Thigpen, 2008 WL 4926965, at *2 (C.D. Cal. 2008) (finding that Defendant Falconer's co-defendant was not entitled to a resentencing based on the retroactive crack amendment).  Thus, Defendant's Motion is DENIED.

    2.  Motion for Relief Pursuant to 28 U.S.C. § 2255

    Petitioner challenges the validity of his sentence on the basis that the Court erred by not recognizing that it had the discretion to depart downward from the career offender status pursuant to 18 U.S.C. § 3553(b).  Petitioner's claim has not merit, however, because the Court recognized that it had

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6370 SVW, CR 92-749 SVW | Date | December 3, 2008 |
|---|---|---|---|
| Title | Falconer v. United States of America, United States v. Falconer | | |

such authority, but found that the facts of the case did not warrant such a departure.  See <u>United States v. Thigpen</u>, 19 F.3d 31 (9th Cir. 1994) (unpublished opinion finding that the Court noted that it had discretion to make a downward departure).  Thus, Petitioner's § 2255 Motion is DENIED.

    3.  Motion for Appointment of Counsel

Given that Petitioner/Defendant's Motions have no merit, the Court DENIES his request for appointment of counsel pursuant to 18 U.S.C. § 3006A.

    4.  Motion for Leave to Supplement Habeas Petition

As Petitioner's § 2255 Motion has been denied, and the Motion for Leave to Supplement does not appear to raise any other meritorious arguments, the Motion is DENIED.

| | : |
|---|---|
| Initials of Preparer | PMC |